IN THE MATTER OF WALTER J. McMANUS, AN ATTORNEY AT LAW.

Argued November 15, 1977—Decided January 6, 1978.

*Mr. David S. Cramp* argued the cause for the Morris County Ethics Committee.

Respondent made no appearance.

PER CURIAM. Respondent is a member of the bar of New Jersey, admitted in 1966. Disciplinary proceedings have been pending against him since 1974.

On May 7, 1975 this Court issued its Order to Show Cause, returnable May 28, 1975, as to why respondent should not be temporarily suspended from the practice of law. This

order was based on a petition by Robert E. Cowen, Chief, Central Ethics, which alleged that, on information and belief, respondent had voluntarily admitted himself to a hospital for psychiatric care and was unable to continue in the practice of law with benefit to his clients and safety to the public.

Respondent appeared before this Court in response to the Order to Show Cause. With his consent an order dated May 29, 1975 was entered temporarily suspending him from the practice of law "during his present incapacity pursuant to *R.* 1:20–11(b)." No medical examination was ordered, nor were any medical reports submitted to this Court. We did not direct that the pending disciplinary proceedings be held in abeyance.

The Morris County Ethics Committee held several hearings on the numerous charges filed against respondent. As to some of the charges respondent filed answers, appeared *pro se* at the hearings thereon and admitted the truth of the substance of the charges. However, the last complaint which contained five additional charges of misconduct was not answered and respondent did not appear at the Committee hearing thereon.

Three separate presentments were filed by the Committee. The charges found to have been sustained include: (1) respondent's failure to attend diligently to legal matters entrusted to him and misrepresentations by him to his clients as to the status of such matters; (2) respondent's admitted conversion of substantial sums of money belonging to his clients; and (3) respondent's collection of an excessive and unwarranted fee for services not authorized by his clients.

The first presentment notes that at the hearing on the complaint which respondent attended, no evidence to support his claim of a mental disorder and treatment therefor was presented to the Committee other than respondent's personal affidavit. The second presentment states that at another hearing on additional charges of misconduct, respondent appeared and offered to furnish the Committee "with

medical documentation" of his mental condition, and that although the Committee agreed to accept such evidence, "nothing of that nature was ever received." The third presentment makes no reference to respondent's mental condition as he filed no answer to that complaint, nor did he appear at the hearing thereon.

On the basis of the three presentments an Order to Show Cause was issued by this Court directing respondent to show cause why he should not be disbarred or otherwise disciplined. He did not appear on November 15, 1977, the return date of the order. The only communication from him was a telephone call from Florida to the clerk's office made on the afternoon of November 14 in which respondent asked for an adjournment and stated that he was going to look for a lawyer to represent him. The request was denied and the matter was heard in respondent's absence.

The Committee's findings that respondent's conduct was in violation of DR 1–102(A)(4)(5) and (6); DR 7–101(A)(1) and (2); DR 7–102(A)(5) and DR 9–102 are fully supported by the record. The clients' funds which respondent admittedly converted to his own use have not been repaid. Clients' Security Fund records show that to date the Fund has paid $5,929.14 to cover respondent's defalcations. An additional claim for $47,800 is still pending before the Fund.

In the absence of any competent medical evidence, we cannot give credence to respondent's assertions that his misconduct was due to a mental disorder which he was suffering from at the time. While we temporarily suspended respondent on May 29, 1975 for "incapacity," the order was based primarily on his consent. It was not followed by a medical examination with the report thereof being filed with this Court. See R. 1:20–11(b).[1]

---

[1]We note with some concern the growing tendency on the part of attorneys charged with misconduct to have themselves admitted to a hospital for depression or anxiety and then assert temporary

Respondent, through his conduct, has demonstrated that he lacks the ability, the will and the moral integrity needed to practice law. Disbarment is mandated. His name will be stricken from the roll.

*For disbarment* — Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed* — None.

## ORDER

It is ORDERED that WALTER J. McMANUS be disbarred and that his name be stricken from the roll of attorneys of the State, effective immediately; and it is further

ORDERED that WALTER J. McMANUS be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the Regulations of the Supreme Court Governing Disbarred, Resigned and Suspended Attorneys.

---

mental disorder as the cause of their wrongful actions. In fact, mental disability, even if genuine, may not be a defense to a charge of misconduct. See Annotations, 50 *A. L. R.* 3d 1259 (1973) ; 96 *A. L. R.* 2d 739 (1964). Primary considerations are fitness to practice law and protection of the public. The procedures established under *R.* 1:20–11(b) are discretionary with this Court.